BERKMAN, HENOCH, PETERSON,
PEDDY & FENCHEL, P.C.
Attorneys for Evangelical Christian
Credit Union
100 Garden City Plaza
Garden City, New York 11530
(516) 222-6200
Bruce D. Mael (BDM 8038)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

UNIVERSAL LOVE PEACE AND JOY CHURCH
OF GOD, INC.

                    Debtor
------------------------------------------------------------X

Hearing Date: 6/27/13 @10:30 a.m.
Objection Deadline: 6/20/13 @4:00 p.m.

Chapter 11

Case No. 13-42764-ess

## NOTICE OF MOTION FOR ORDER MODIFYING AND TERMINATING THE AUTOMATIC STAY UNDER 11 U.S.C. §362(d)(1) AND (2)

**PLEASE TAKE NOTICE**, that upon the Affirmation of Bruce D. Mael dated May 22, 2013 (the "Application") and the Exhibits annexed thereto, Evangelical Christian Credit Union, a creditor of the above-named Debtor ("ECCU" or "Applicant"), by its attorneys, Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., shall move before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, in her Courtroom located at the United States Bankruptcy Court for the Eastern District of New York, located at 271 Cadman Plaza East, Brooklyn, New York 11201, on June 27, 2013, at 10:30 a.m., or as soon thereafter as counsel may be heard, for an Order: (i) pursuant to 11 U.S.C. Sections 362(d)(1) and (2), providing that the automatic stay imposed by operation of 11 U.S.C. Section 362(a), be modified and terminated to permit Applicant to pursue its rights as more particularly described in the Application, to the premises known as 901 Pine Street, Brooklyn, New

York (the "Property"), formerly owned by the Debtor and currently owned by ECCU; and (ii) granting such other and further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** that copies of the Application are available for inspection on the Courts Internet Website at http://www.nyeb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psu.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. Monday through Friday at the Office of the Clerk or the Bankruptcy Court, 271 Cadman Plaza East, 1st Floor, Brooklyn, New York 11201. Copies of the Application may also be obtained by written request to the Debtor's counsel at the address and telephone number set forth below.

**PLEASE TAKE FURTHER NOTICE,** that responses, if any, to the relief requested herein must (a) be made in writing and state with particularity the grounds for the objection; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Eastern District of New York ("Local Rules"); ( c ) be filed with the Bankruptcy Court in accordance with General Order M-242 (as amended); (I) electronically by registered users of the Bankruptcy Court's case filing system, or (ii) on a 3.5 inch disk (preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format) by all other parties in interest; (d) be submitted in hard copy form to the chambers of the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201; and (e) be

served upon the undersigned counsel so as to be received no later than 4:00 p.m. on June 20, 2013 (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE**, that only those responses made in writing and timely filed and received by the Response Deadline will be considered by the Bankruptcy Court at the hearing and that if no responses to the Application are timely filed and served in accordance with the procedures set forth herein, the Bankruptcy Court may enter an order granting the Application without further notice.

Dated: Garden City, New York
       May 23, 2013

                                   **BERKMAN, HENOCH, PETERSON, PEDDY & FENCHEL, P.C.**
                                   Attorneys for Evangelical Christian Credit Union

                By:    s/Bruce D. Mael
                        Bruce D. Mael (BDM 8038)
                        100 Garden City Plaza
                        Garden City, New York 11530
                        (516) 222-6200

BERKMAN, HENOCH, PETERSON,
PEDDY & FENCHEL, P.C.
Attorneys for Evangelical Christian
Credit Union
100 Garden City Plaza
Garden City, New York 11530
(516) 222-6200
Bruce D. Mael (BDM 8038)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                          Chapter 11

UNIVERSAL LOVE PEACE AND JOY CHURCH
OF GOD, INC.                                                    Case No. 13-42764-ess

                            Debtor
------------------------------------------------------------X

## AFFIRMATION IN SUPPORT OF MOTION FOR
## AN ORDER MODIFYING AND TERMINATING
## THE AUTOMATIC STAY

Bruce D. Mael, an attorney duly admitted to practice before this Court, hereby affirms the following under penalty of perjury:

1. I am an attorney with the firm of Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., attorneys for the Evangelical Christian Credit Union ("ECCU" or "Applicant"), a creditor of the above-captioned Debtor, and as such am fully familiar with the facts and circumstances surrounding this case.

2. I make this Affirmation in support of ECCU's Application ("Application") for an order, pursuant to 11 U.S.C. §362(d) and Federal Rules of Bankruptcy Procedure Rules 4001, 9013 and 9014, modifying the automatic stay to permit ECCU to exercise all of its legal rights and remedies with respect to certain real property located at 901 Pine Street, Brooklyn, New York (the "Property"), formerly owned by the Debtor and currently owned by ECCU; and granting such other

and further relief as this Court deems just and proper.

## BACKGROUND

3. On or about March 4, 2008, Debtor executed and delivered to ECCU a note and mortgage in the original principal amount of $448,000.00, pledging the Property as collateral.

4. On or about October 5, 2009, ECCU commenced an action to foreclose the mortgage in the Supreme Court, Kings County, under Index No. 25137/09, as a result of Debtor's failure to make the monthly mortgage payments for the month of June 2009 and each month thereafter, resulting in a default ("State Foreclosure Action"). A final Judgment of Foreclosure and Sale was entered in the State Foreclosure Action on or about August 22, 2011, a copy of which is annexed hereto as Exhibit "A" (the "JFS"). A foreclosure sale was scheduled for December 8, 2011.

5. On December 7, 2011, Debtor moved by order to show cause for an order setting aside the JFS and dismissing the State Foreclosure Action based on allegedly defective service of process. The State Court signed the order to show cause, granted a temporary stay of the sale, and scheduled a hearing on the Motion for December 14, 2011. After an adjourned hearing on January 27, 2012, the State Court denied the Debtor's motion and terminated the stay. A copy of the order reflecting same is annexed hereto as Exhibit "B". Accordingly, ECCU scheduled a second foreclosure sale for March 15, 2012.

6. On or about March 2, 2012, Debtor brought another motion, again by proposed order to show cause, seeking the same relief on the same grounds. A hearing was held on March 14, 2012, at which time Debtor's motion was once again denied.

7. On March 29, 2012, a foreclosure sale was conducted pursuant to the JFS, at which

ECCU was the successful bidder. On or about May 17, 2012, the referee executed and delivered a deed to Applicant in accordance with the JFS and Terms of Sale. On June 13, 2012 the deed was recorded in the Kings County Clerk's Office. A copy of the deed is annexed hereto as Exhibit "C". Consequently, Applicant is the lawful owner of the Property.

8. By notice of motion dated June 25, 2012, Applicant moved in the Supreme Court for an order directing the Sheriff of Kings County to deliver possession of the Property to Applicant. That motion was granted by order dated October 19, 2012, and entered in the office of the Kings County Clerk on January 29, 2013, a copy of which is annexed hereto as Exhibit "D" (the "Eviction Order"). That order provides, in pertinent part:

> ORDERED that the Sheriff of KINGS County be and he hereby is ordered upon receipt of this Order to enter upon the premises hereinafter described, commonly known as **BLOCK 4547, LOT 49** and by street number **901 PINE STREET, BROOKLYN, NEW YORK,** and eject therefrom UNIVERSAL LOVE PEACE AND JOY CHURCH OF GOD, INC., and every person holding the same or any part thereof, and adversely to Plaintiff, EVANGELICAL CHRISTIAN CREDIT UNION, and to put purchaser, EVANGELICAL CHRISTIAN CREDIT UNION into possession of the premises occupied by said Defendant, and any person or persons holding under them, and that this Order be executed by the Sheriff as if it were an execution for the delivery of possession of the premises.

9. On May 6, 2013, Debtor filed the within petition with the Clerk of this Court under Chapter 11 of the Bankruptcy Code, thereby obtaining yet another delay of the proceedings.

10. No trustee or examiner has been appointed herein and, upon information and belief, the Debtor has continued in the management and operation of its property as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No Committee of Unsecured Creditors pursuant to Section 1102 of the Code has been appointed.

## THE APPLICATION

11. By this Application, Applicant seeks the entry of an Order: (i) pursuant to 11 U.S.C. Sections 362(d)(1) and (2) providing that the automatic stay imposed by 11 U.S.C. Section 362(a) be modified and terminated to permit Applicant to pursue its rights and remedies as to the Property including, without limitation, the consummation of the Eviction Proceeding; and (ii) granting such other and further relief as this Court deems just and proper.

12. It is respectfully submitted that the facts of the within proceeding dictate that the stay must be vacated for the following reasons, (i) Debtor maintains no equity in the Property, (ii) the Property is not necessary for the successful reorganization of the Debtor, and (iii) Applicant's interest in the Property is not adequately protected. Accordingly, the stay must be lifted pursuant to section 362(d) of the Bankruptcy Code as a continuation of the automatic stay will prejudice both Applicant and the Debtor's other creditors.

13. As noted above, ECCU is now the owner of the Property, having purchased the Property at the foreclosure sale. In addition, the Eviction Order, which had issued prior to the filing, terminated any remaining rights the Debtor may have had to occupy the Property. Thus, the Debtor holds nothing more than a possessory interest as a holdover occupant. Such an interest does not rise to the level that would constitute property of the estate pursuant to 11 U.S.C. Section 541 and is, thus, not subject to the protection of the automatic stay. *See, e.g., Bell v. Alden Owners, Inc.,* 199 B.R. 451 (S.D.N.Y. 1996); *In re Island Helicopters, Inc.,* 211 B.R. 453 (Bankr. E.D.N.Y. 1997); *In re Eclair Bakery,* 255 B.R. 121 (Bankr. S.D.N.Y. 2000).

14. Thus, it is evident that the Debtor, as nothing more than a holdover occupant in the Premises, maintains no equity in the Property. Consequently, ECCU has satisfied its burden

pursuant to Section 362(d)(2)(A) of the Bankruptcy Code.

15. Since the Debtor has no equity in the Property, the burden shifts to the Debtor to prove that the Premises is necessary for an effective reorganization. 11 U.S.C. § 362(g)(2). In order to satisfy this burden, the Debtor must show that the property is necessary for an effective reorganization "that is in prospect. This means . . . that there must be 'a reasonable possibility of a successful reorganization within a reasonable time.'" *United Savings Association of Texas v. Timbers of Inwood Forest*, 484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1988) *citing* 11 U.S.C. § 362(g). Although this burden rests on the Debtor, it is respectfully submitted that there is no possibility for a successful reorganization within a reasonable time.

16. It is axiomatic that property in which the Debtor has no interest cannot possibly be necessary for its reorganization. The foreclosure sale terminated all of Debtor's ownership interests in the Property, and the Eviction Order terminated any remaining possessory rights the Debtor may have had. In other words, Debtor is merely an unauthorized holdover occupant that continues to occupy the Property cost-free, which it has done for approximately the last four years.

17. Based on the foregoing, since the Property is not necessary for the reorganization of the Debtor and since the Debtor has no equity in the Property, the stay should be terminated as to the Premises pursuant to § 362(d)(2).

18. Furthermore, Debtor's continued possession of the Premises, for which it has made no payments since May 2009, makes it impossible for Applicant to assure that the Property will not fall into a state of ruin. As a result, Applicant is clearly not adequately protected and, accordingly, is entitled to relief from the stay pursuant to 11 U.S.C. Section 362(d)(1) as well.

## CONCLUSION

19. Relief from the stay is warranted under Section 362(d). Accordingly, the automatic stay must be modified to permit Applicant to assert its rights in the Property, including, but not limited to, the consummation of eviction proceedings and execution of the Eviction Order.

20. Since no novel or complex issues of law are raised by the instant Application, it is respectfully submitted that the requirement of a memorandum of law pursuant to EDNY LBR 9013-1 be dispensed with.

21. No prior request for the relief sought herein has been made to this or any other court.

**WHEREFORE,** it is respectfully requested that the Court enter an Order modifying the automatic stay to permit Applicant to exercise all of its legal rights and remedies with respect to the Premises, plus granting such other and further relief as is just and proper.

Dated: Garden City, New York
       May 23, 2013

                              **BERKMAN, HENOCH, PETERSON, PEDDY,**
                              **& FENCHEL, P.C.**
                              Attorneys for Evangelical Christian Credit Union

        By:     s/Bruce D. Mael
                   Bruce D. Mael (BM 8038)
                   100 Garden City Plaza
                   Garden City, New York 11530
                   (516) 222-6200

O:\BHPP Department Data\Bankruptcy Department Data\Bruce Mael\Evangelical\Universal\lift-stay motion.wpd