At an I.A.S. Term Part of the Supreme Court of the State of New York held in and for the County of KINGS at the Courthouse thereof located at 360 Adams Street, Brooklyn, New York on the ___ day of _____, 2011.

Present:

Honorable **ABRAHAM GERGES, J.S.C.**

---------------------------------------------------------------X
EVANGELICAL CHRISTIAN CREDIT UNION,

                       Plaintiff,

- against -

UNIVERSAL LOVE PEACE AND JOY CHURCH OF GOD, INC., BROOKLYN UNION GAS COMPANY, KEYSPAN ENERGY DELIVERY, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY DEPARTMENT OF FINANCE,

                       Defendants.
---------------------------------------------------------------X

INDEX NO.: 25137/09

JUDGMENT OF FORECLOSURE AND SALE

Block 4547
Lot 49

Premises: 901 Pine Street, Brooklyn, New York

On the Summons, Verified Complaint and Notice of Pendency duly filed in this action on the 5th day of October, 2009, the Order of Reference dated December 14, 2010, and all proceedings thereon, and on reading and filing the affirmation of BRUCE J. BERGMAN, Esq., counsel for plaintiff dated June 6, 2011, from which it appears that each of the defendants herein have been duly served with the Summons and Complaint in this action, or have voluntarily appeared personally or by their respective attorneys, and stating that more than the legally required number of days had elapsed since said defendants were so served and/or appeared; and that none of the defendants had served any answer to said Complaint, nor had their time to do so been extended; and that the Complaint herein and Notice of Pendency containing all the particulars required to be stated herein was duly filed in the Office of the Clerk of the County of Kings on the 5th day of October, 2010, and

has not been amended to add new parties or to embrace real property not described in the original complaint, and a Referee having been duly appointed to compute the amount due to the plaintiff upon the note and mortgage set forth in the Complaint and to examine and report whether the mortgaged premises can be sold in parcels,

AND, on reading the report of GREGORY T. CERCHIONE, ESQ., the Referee named in said Order of Reference, by which Report, dated the 12th day of May, 2011, attached hereto, it appears that the sum of $540,363.27 was due as of February 28, 2011, and that the mortgaged premises should be sold in one parcel,

NOW, upon proof of due notice of this application upon all parties who had not waived the same,

ON MOTION of BERKMAN, HENOCH, PETERSON & PEDDY, P.C., attorney for the plaintiff, it is

**ORDERED**, that the motion is granted; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Report of GREGORY T. CERCHIONE, ESQ., dated May 12, 2011 be, and the same is hereby in all respects ratified and confirmed; and it is further

**ORDERED, ADJUDGED AND DECREED** that the above-described mortgaged premises or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold, in one parcel, at public in Room 261 of Kings County Supreme Court, 360 Adams Street, Brooklyn, New York 11201, on a Thursday afternoon at 3:00 P.M., by and under the direction of GREGORY T. CERCHIONE, ESQ. who is hereby appointed Referee for that purpose, that the said Referee shall set the date of sale and give public notice of the time and place of sale in according with RPAPL 231

in _____ ; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten (10%) percent of the sum bid and shall execute Terms of Sale for the purchase of the premises, unless such successful bidder is the plaintiff herein, in which case, no deposit against the purchase price shall be required; and it is further

**ORDERED, ADJUDGED AND DECREED** that in the event that the first successful bidder fails to immediately pay the ten (10%) percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the subject property, the property shall thereafter immediately, on the same day, be re-offered at auction; and it is further

**ORDERED, ADJUDGED AND DECREED** that the closing of title shall take place at the office of the Referee or at such other location as the Referee shall determine within forty-five days after such sale unless otherwise stipulated by all parties. The Referee shall transfer title only to the successful bidder at the auction. Any delay or adjournment of the closing date beyond forty-five days may be stipulated among the parties, with the Referee's consent, up to ninety days from the date of sale, but any adjournment beyond ninety days may be set only with the approval of this Court; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee deposit all funds received pursuant to this Order in his/her own name as Referee in Referee's I.O.L.A. account maintained for legal clients at a bank within the City of New York or in an FDIC-insured bank of the Referee's choice within the City of New York [or in _____ Bank]; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee on receiving the proceeds of such sale shall forthwith pay therefrom:

FIRST:   The statutory fees and commissions of said Referee pursuant to CPLR §8003(b) which shall not exceed $500.00 unless the sale price (the amount of the accepted bid) exceeds $50,000.00. In the event the sale price exceeds $50,000.00 and additional compensation (including commissions) in excess of $500.00 is sought pursuant to CPLR §8003(b), and if no surplus monies are produced by the sale, the parties may present a stipulation, signed by the Referee and all parties appearing, agreeing to a stated sum, to be so-ordered by the Court. Where surplus monies will be available following distribution of sums as provided herein, or where the parties are unable to agree to the Referee's proper compensation under CPLR §8003(b), application shall be made to this Court on notice to all parties known to be entitled to claim against any surplus monies, including the defaulting owner of the equity of redemption. Such application shall be promptly submitted to the Court within five days of the transfer of the deed and prior to filing the Report of Sale. The five day period for payment of surplus money into the Court as set forth in RPAPL §1354(4), and the thirty day period set forth in RPAPL §1355 for the filing of the Report of Sale shall be deemed extended pending the decision of the Court regarding such application.

In the event a scheduled sale is cancelled or postponed, pursuant to CPLR §8003(a), plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to plaintiff. This Order shall constitute the necessary prior authorization for compensation as set forth herein.

No compensation in excess of $550.00, including compensation authorized pursuant to CPLR §8003(a) for computation of the sum due to plaintiff, may be accepted by the Referee without Court approval and compliance with the filing provisions of Section 36.4 of the Rules of the Chief Judge.

SECOND: The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale.

THIRD: Pursuant to Real Property Actions and Proceedings Law §1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment. The Referee shall pay the amount of any lien or liens upon the premises to be sold at the time of such sale for taxes, assessments, water rates and sewer rents, together with such interest up to the date of payment, together with any and all sums which may be necessary to redeem the property so sold from any and all sales, unpaid taxes, assessments, water rates, and any sums expanded for the protection, preservation, security or maintenance of the property, including, but not limited to, fire insurance and property inspections. The Referee shall pay or refund to the plaintiff, if paid by it, any of the aforementioned sums.

FOURTH: The Referee shall then pay to the plaintiff or his attorney the sum of ~~$1,815.00~~ 1,310.00 for costs and disbursements in this action to be taxed by the Clerk of this Court and inserted herein, with interest from the date hereof, together with an extra allowance of $300.00 hereby awarded to the plaintiff in addition to costs and disbursements, with interest thereon from the date hereof, and also the sum of $540,363.27 being the amount reported due as aforesaid, together with interest thereon pursuant to the Note from March 1, 2011, the date the interest was calculated to in said Report, to the date of entry of this judgment and thereafter at the statutory post-judgment rate to the date of transfer of title, or so much thereof as the purchase money of the mortgages premises will pay of the same, together with $6,332.00 hereby awarded to the plaintiff as reasonable

legal fees, together with any advances as provided for in the note and mortgage which plaintiff may have made for taxes, insurance, principal and interest and any other charges due to prior mortgages or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation, upon presentation to the Referee of receipts for said expenditures, all together with interest thereon pursuant to the note and mortgage as above provided. Copies of such receipts shall be annexed to the Referee's Report of Sale. Plaintiff shall timely move to confirm the Referee's Report of Sale pursuant to RPAPL §1355; and it is further

**ORDERED, ADJUDGED AND DECREED** that in case the plaintiff be the purchaser of said mortgage premises at said sale, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver only to the plaintiff a deed of the premises sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "FIRST", "SECOND" and "THIRD" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee for compensation and expenses, taxes, assessments, sewer rents, water rates, and priority liens of a city agency, shall be allowed to the plaintiff and applied by said Referee upon the amounts due to the plaintiff as specified in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to said Referee, upon delivery to plaintiff of Referee's deed, the amount of such surplus, which shall be applied by the Referee, upon motion made pursuant to RPAPL §1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to RPAPL §1354(3), which payment shall be reported in the Referee's Report of Sale. Any surplus remaining

§1354(4) and the Referee shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by plaintiff at the time of the sale; and it is further

ORDERED, ADJUDGED AND DECREED that said Referee take the receipt of the plaintiff or plaintiff's attorney for the amounts paid as hereinbefore directed in item marked "FOURTH", and file it with his/her Report of Sale, that he/she deposit the surplus monies, if any, with the Kings County Clerk within five days after the same shall be received unless such period be deemed extended by the filling of an application for additional compensation as set forth herein, to the credit of this action, to be withdrawn only upon order of the Court, signed by a Justice of the Court; that said Referee make his/her Report of such Sale under oath showing the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payment was made, and file it with the Kings County Clerk, with a copy to the Chambers of the Appointing Justice, within thirty days after completing the sale and executing the proper conveyance to the purchaser or within thirty days of the decision of the court with respect to any application for additional compensation; and it is further

ORDERED, ADJUDGED AND DECREED that if the proceeds of such sale be insufficient to pay the amount reported due to the plaintiff with interest and costs as aforesaid, the plaintiff may recover from the Defendant, UNIVERSAL LOVE PEACE AND JOY CHURCH OF GOD, INC., the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 fo the Real Property Actions and Proceeding Law within 90 days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an Order of this Court as provided for in said action; and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser or purchasers at said sale be let into possession on production or delivery of Referee's deed or deeds; and it is further

ORDERED, ADJUDGED AND DECREED that each and all of the defendants in this action, and all persons claiming under any of them after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof; and it is further

ORDERED, ADJUDGED AND DECREED that said premises is to be sold in one parcel in "as is" physical order and condition on the day of sale, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show, any covenants, restrictions, declarations, reservations, easements, right of way and public utility agreements of record, any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of sale, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in Section 1354 of the Real Property Actions and Proceedings Law, and any equity of redemption of the United States of America to redeem the premises within 120 days from the date of sale. Risk of loss shall not pass to purchaser until closing of title; and it is further

ORDERED, ADJUDGED AND DECREED, that the plaintiff be granted any further relief to which the Court shall deem the plaintiff to be entitled; and it is further

ORDERED, that in Absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

ORDERED, that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith; and it is further

**ORDERED**, that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption as of the date of this Judgment, any tenants named in this action and any other party entitled to notice within twenty days of entry and no less than thirty days prior to sale; and it is further

**ORDERED**, that the Plaintiff shall serve a copy of the Notice of Sale upon the Ex Parte Office at least ten (10) days prior to the schedule sale.

SAID premises being known as **BLOCK 4547, LOT 49** and by street number **901 PINE STREET, BROOKLYN, NEW YORK**.

The following is a description of the premises heretofore mentioned:

(See Schedule "A" annexed hereto as Exhibit "A")

ENTER

_____
J.S.C
HON. SYLVIA G. ASH, JSC

7/20/11

Nancy T. Sunshine
Clerk

FEE

KINGS COUNTY CLERK
2011 AUG 22 PM 2:51
FILED

2009/25137 Judgment of foreclos.bill of costs (Page 14 of 104)

FILED
2011 AUG 22  PM 2: 51
KINGS COUNTY CLERK

FEE

2009/25137 Judgmnt of foreclos.bill of costs (Page 1 of 10)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------X
EVANGELICAL CHRISTIAN CREDIT UNION,
                                Plaintiff,

- against -

UNIVERSAL LOVE PEACE AND JOY CHURCH OF
GOD, INC., BROOKLYN UNION GAS COMPANY,
KEYSPAN ENERGY DELIVERY, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,   NEW YORK
STATE DEPARTMENT OF TAXATION AND FINANCE,
NEW YORK CITY DEPARTMENT OF FINANCE,

                                Defendants.
----------------------------------------X

INDEX NO.: 25137/09

COST OF PLAINTIFF

| COSTS | | DISBURSEMENTS | |
|---|---|---|---|
| Costs before note of issue | | Fees for Index Number CPLR §8018(a) | $ 210.00 |
| CPLR §8201 subd.1 | $ 200.00 | Clerk's fee, filing notice of pend. or attach. | |
| Allowance by statute | | CPLR §8018(e) §8021(A)12 | $ 35.00 |
| CPLR §8302(a)(b) | | Paid for Searches CPLR §8301(a)10 | $ ~~465.00~~ 300.00 |
| Percentage on $200.00 at 10% | $ 150.00 | Serving copy of summons & complaint | |
| (not exceeding $200.00) | | CPLR §8011(c)1 §8301(d) | $ ~~470.00~~ 115.00 |
| additional $800.00 at 5% | $ 50.00 | Fees for Publication CPLR §8301(a)3 | $ |
| (not exceeding $800.00) | | Fees for Serving supplemental summons & complaint | $ |
| | | Request for Judicial Intervention | $ 95.00 |
| additional $2,000.00 at 2% | $ | Paid Referee's Report CPLR §8301(a)12 | $ ~~250.00~~ 50.00 |
| (not exceeding $2,000.00) | | Bankruptcy Disbursements | $ |
| additional $5,000.00 at 1% | $ | Filing Fees | $ 90.00 |
| (not exceeding $5,000.00) | | Postage | 15.00 |
| Allowance by statute | | Costs at $ 1310.00 | |
| CPLR §8302(d) | $ | this 22 day of Aug 2011 | |
| Motion Costs | | Nancy T. Sunshine | |
| CPLR §8202 | $ | Clerk of Court Kings County ~~1,815.00~~ | |
| COSTS | $ 400.00 | | |
| DISBURSEMENTS | ~~$ 1,815.00~~ | | |
| TOTAL | ~~$ 2,215.00~~ | | |

STATE OF NEW YORK, COUNTY OF NASSAU SS:    ATTORNEY'S AFFIRMATION

The undersigned, an attorney admitted to practice in the courts of this state, affirms: that he is the attorney(s) of record for the plaintiff in the above entitled action; that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in amount and that copies of documents or papers as charged herein were actually and necessarily obtained for use.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: June 6, 2011

BRUCE J. BERGMAN

G:\IHPP Department Data\Foreclosure Department Data\Meri-Jo Kaslick\Cost of Plaintiff\ECCU.Universal.0111.wpd

TOTAL P.001

SUPREME COURT OF THE STATE CITY OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------X
EVANGELICAL CHRISTIAN CREDIT UNION,

                        Plaintiff,

          -against-

UNIVERSAL LOVE PEACE AND JOY CHURCH OF
GOD, INC., BROOKLYN UNION GAS COMPANY,
KEYSPAN ENERGY DELIVERY, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, NEW YORK
STATE DEPARTMENT OF TAXATION AND FINANCE,
and NEW YORK CITY DEPARTMENT OF FINANCE

                        Defendants.
----------------------------------------------------------------X

**AMENDED ORDER**
INDEX NO. 25137/09

HON. SYLVIA G. ASH

      The Judgment of Foreclosure and Sale dated July 20, 2011 is hereby amended to include the following:

      ORDERED, ADJUDGED and DECREED that the Referee shall set the date of sale and give public notice of the time and place of sale in accordance with RPAPL §231 in the DAILY CHALLENGE.

      This constitutes the Decision and Order of the Court.

DATED: OCTOBER 28, 2011

                                            SYLVIA G. ASH, J.S.C.